[Cite as *State v. McHugh*, 2021-Ohio-1626.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                     |     | JUDGES:                      |
|---------------------|-----|------------------------------|
| STATE OF OHIO       | :   | Hon. Craig R. Baldwin, P.J.  |
|                     | :   | Hon. W. Scott Gwin, J.       |
| Plaintiff-Appellee  | :   | Hon. John W. Wise, J.        |
|                     | :   |                              |
| -vs-                | :   |                              |
|                     | :   | Case No. 20COA028            |
| JOSEPH MCHUGH       | :   |                              |
|                     | :   |                              |
| Defendant-Appellant | :   | OPINION                      |

CHARACTER OF PROCEEDING:    Criminal appeal from the Ashland Municipal
                            Court, Case No. 20TRD00198

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     May 10, 2021

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

ANDREW N. BUSH                        JOSEPH P. KEARNS
Assistant Law Director                Mason, Mason, & Kearns
1213 East Main Street                 153 West Main Street
Ashland, OH 44805                     Ashland, OH 44805

*Gwin,J.,*

{¶1} Appellant Joseph McHugh appeals the October 9, 2020 judgment entry of the Ashland Municipal Court overruling his objections to the magistrate's decision. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On January 8, 2020, appellant was pulled over in Ashland County for speeding, in violation of R.C. 4511.21(D)(1). The ticket issued states appellant was going 76 miles per hour in a 55 mile per hour zone. A bench trial was held in front of a magistrate on June 8, 2020.

{¶3} Sergeant Benner ("Benner") of the Ashland County Sheriff's Office has worked as a deputy for 29 years. She completed the police academy and training updates. Some of her training dealt with identifying and apprehending those committing speed-related offenses. As part of her training, she was certified as proficient in the operation of electronic speed detection equipment. Benner identified Exhibit 1 as her training certificate. The certificate from the State of Ohio is dated October of 1994 and provides that Benner satisfactorily completed the course requirements in the "technical and theoretical aspects of radar operation." Benner was current with all of her training requirements as of January 8, 2020.

{¶4} Benner's radar is a Stalker Dual. She has received training on this device. The magistrate took judicial notice of the reliability of the device based upon a reported municipal court decision.

{¶5} Benner checked the calibration of the radar on January 8, 2020. There are two tuning forks that have to be checked separately, and then at the same time. Each

tuning fork has a miles per hour reading, which shows on the radar unit once Benner calibrates it. Benner strikes a tuning fork to check the radar as far as speed. The radar also has an internal tuning fork that checks the speed on its own. Benner testified that when she is calibrating the radar, she is checking to see if the speed displayed by the radar matches what it is supposed to be with the tuning fork. This calibration is checked both at the beginning and end of Benner's shift. She did these calibrations on January 8, 2020, and the radar device was working properly both at the beginning and end of her shift.

{¶6}   Benner testified that when a radar is checking the speed of a vehicle, it gives an audible tone. The tone depends upon the speed of the vehicle; a vehicle traveling at a higher speed will elicit a higher pitched tone than a vehicle traveling at a lower speed.

{¶7}   At 5:54 p.m., Benner was in a marked police car, traveling eastbound on State Route 302 from State Route 511. Appellant was traveling westbound. Benner noticed appellant appeared to be traveling at a high rate of speed, more than the posted speed limit of 55 miles per hour. Benner utilized the radar. The radar showed appellant was traveling at 76 miles per hour. She could be sure it was reading appellant's car and not something else because there was no tone and no visual prior to appellant's vehicle appearing. Then, a tone and visual appeared. Prior to seeing appellant's vehicle, there was no sound coming from the radar. Benner heard the tone when appellant's vehicle came into view. Based upon her experience with the radar machine, the level or pitch of the tone matched the speed she was seeing. After appellant passed her, the tone went away. Benner testified no vehicles were traveling westbound other than appellant.

{¶8} On cross-examination, counsel for appellant questioned Benner again about the calibration of the radar. Benner did not know how old the Stalker unit was and, as far as she knows, the unit had never been sent in for repair. At the time of the reading, Benner made sure the radar was in "moving" mode, rather than "stationary" mode. She is sure she had it in "moving" mode because it reveals her patrol speed and she always checks the patrol speed with the speedometer of the vehicle. There is a little dot on the display of the radar that shows moving or stationary mode.

{¶9} When Benner clocked appellant on the radar, there was a gradual grade of the roadway as he was coming downhill. Once appellant passed her patrol car, she hit the overhead lights and siren, and turned around to follow the vehicle. Benner was able to maintain visual contact with appellant's vehicle.

{¶10} The magistrate issued a decision on June 8, 2020, finding appellee proved all elements of the offense beyond a reasonable doubt, and finding appellant guilty. The magistrate specifically found Sergeant Benner credible. The trial court fined appellant $50, plus court costs. Appellant filed objections to the magistrate's decision on June 16, 2020, arguing the magistrate's conclusion that appellee met its burden of proof was not supported by the facts.

{¶11} The trial court issued a judgment entry on October 9, 2020. The trial court noted, "defendant's objection is essentially that the evidence was insufficient to support a finding of guilty. No objections were raised to the evidentiary rulings of the Magistrate or the way in which the Trial was conducted." The trial court stated it completed an "exhaustive review" of the record, and found sufficient and credible evidence supported appellant's conviction.

{¶12} Appellant appeals the judgment entry of the Ashland Municipal Court and assigns the following as error:

{¶13} "I. THE TRIAL COURT ERRED WHEN IT RULED THAT THE STATE MET ITS BURDEN OF PROOF IN FINDING THAT THE DEFENDANT HAD EXCEEDED THE POSTED SPEED LIMIT."

I.

{¶14} In his assignment of error, appellant challenges the admission of Benner's testimony and her qualifications to operate the radar. Appellant contends the trial should not have admitted Benner's testimony because she only produced a certificate of training that was general in nature and was from 1994. Appellant argues the trial court committed error in relying on the certificate at trial.

{¶15} It is well-established that trial courts exercise broad discretion in the admission or exclusion of evidence. *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987). An appellate court will not disturb evidentiary decisions of the trial court absent a showing of an abuse of discretion. *Id.*

{¶16} Once judicial notice of the operation and reliability of a radar or laser device is taken, the trial court must further determine: (1) whether the operator of the device was properly qualified to use the device; (2) whether the device was in good operating condition and properly calibrated at the time of use; and (3) whether the police officer properly operated and read the device. *State v. Leonatti*, 5th Dist. Morrow No. 2014 CA 0010, 2015-Ohio-1172.

{¶17} The fact that Benner's training certificate is from 1994 is not dispositive of her qualifications. *Kent v. Vesel*, 11th Dist. Portage No. 2011-P-0069, 2012-Ohio-530

(testimony demonstrating familiarity with the laser device combined with trooper's certificate of training from 1991 at the police academy was sufficient to establish he was qualified to use the radar device).

{¶18} This Court has previously held that the State of Ohio was not required to introduce into evidence the trooper's training certificate in the use of the laser when the trooper testified about his or her certification and training. *State v. Leonatti*, 5th Dist. Morrow No. 2014 CA 0010, 2015-Ohio-1172.

{¶19} Appellant contends *State v. Riddle*, 6th Dist. Ottawa No. OT-10-0040, 2011-Ohio-1547 supports his position that Benner was not qualified to operate the laser device and thus the results from the radar should not have been admitted into evidence. Appellant argues that, based upon *Riddle*, the trial court's decision should be reversed.

{¶20} In *Riddle*, the defendant argued the testimony of the trooper could not be used as evidence the defendant was speeding because the State of Ohio did not introduce into evidence a certificate of training for the radar device the trooper used. The Sixth District agreed with the trial court that a trooper is not required to present a certificate of training to prove he or she is qualified to administer a radar device, but the Sixth District found the trooper's "generalized and vague" testimony to be "insufficient proof of his qualifications." *Id.*

{¶21} However, subsequent to *Riddle*, the Sixth District held that *Riddle* was limited to those particular facts, and held that when there is precise and detailed testimony from the trooper about his or her qualifications to operate the laser device, about the propriety of the trooper's accuracy check of the laser device, and about the propriety of the trooper's operation of the device in obtaining the reading on appellant's vehicle, the

laser device results were properly admitted into evidence. *State v. Jampani*, 6th Dist. Erie No. E-13-004, 2013-Ohio-5070.

{¶22} We find the facts in the instant case distinguishable from *Riddle* and analogous to *Jampani*. First, unlike in *Riddle*, Benner identified, and the trial court admitted into evidence, her training certificate. Further, Benner testified to her years of experience and training. She stated she is current on her training. She confirmed her training included being proficient in operating electronic speed detection equipment and stated she was trained on the Stalker radar. Benner testified in detail regarding the operational specifics and parameters of the device, including the testing process that must be performed in order to calibrate the radar at the beginning and end of her shift, about utilizing the device to monitor appellant's speed, and about receiving clear audio results followed by a clear reading establishing the speeding violation by appellant. Benner detailed her operation of the radar on the day in question in order to accurately obtain appellant's rate of speed.

{¶23} We find the trial court did not commit error in admitting and relying upon Benner's testimony. Benner's testimony amply established the reliability, accuracy, and proper working condition of the laser device. Benner's testimony and certificate of training establishes her qualifications to operate the laser device and her proper operation of the laser device on January 8, 2020, in the course of obtaining a reading on appellant's speed prior to issuing the speeding citation.

{¶24} Appellant argues his conviction is against the manifest weight and sufficiency of the evidence because there was a lack of evidence that the officer was trained in the use of the radar used.

{¶25} The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), in which the Ohio Supreme Court held, "an appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilty beyond a reasonable doubt." The relevant inquiry is, "whether after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶26} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, 78 Ohio St.2d 541, 678 N.E.2d 541 (1997). Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved only for the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶27} It is well-established, though, that the weight of the evidence and the credibility witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216. The trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility." *Id.*

**{¶28}** There was sufficient evidence of Benner's qualifications and experience with the radar. Benner testified she was trained in the operation of electronic speed detection equipment, including the Stalker radar. Benner demonstrated familiarity with the actual use of the Stalker through her detailed testimony regarding its calibration, the functioning of the audio component, and differing between stationary and moving mode on this particular device. As noted above, this Court has previously held an officer's specific testimony with respect to his or her qualifications and experience is sufficient to establish that the radar device was in good working order and that he or she is qualified to operate the radar device. *State v. Leonatti*, 5th Dist. Morrow No. 2014 CA 0010, 2015-Ohio-1172; *Kent v. Vesel*, 11th Dist. Portage No. 2011-P-0069, 2012-Ohio-530.

**{¶29}** Appellant's arguments concerning the officer's training and level of familiarity with the radar do not render the municipal court's verdict contrary to the manifest weight of the evidence.

**{¶30}** Based on the foregoing, appellant's assignment of error is overruled.

{¶31} The October 9, 2020 judgment entry of the Ashland Municipal Court is affirmed.

By Gwin, J.,

Baldwin, P.J., and

Wise, John, J., concur